SUSAN BROADHURST *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another[1]
(and a companion case[2]).

Hampshire.    September 15, 1977. — November 22, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Employment Security,* Review by District Court. *Interest. Commonwealth,* Proceeding against Commonwealth. *Practice, Civil,* Costs, Interest.

Rule 54 (d) of the Massachusetts Rules of Civil Procedure requires that an award of costs against the Commonwealth be based on specific affirmative authority. [721-723]

The statutory authorization for imposition of costs against the Commonwealth which is contained in G. L. c. 261, § 14, does not extend liability for costs to civil actions in which the Commonwealth is a defendant. [723-724]

In the absence of a provision expressly made by law, a judge does not have discretion to award costs against the Commonwealth under the provisions of G. L. c. 261, § 13. [724-725]

The Commonwealth cannot be held liable for interest on overdue unemployment benefits under the provisions of G. L. c. 151A, § 42. [725-727]

PETITIONS filed in the District Court of Hampshire on April 15, 1976, for review of decisions of the board of review in the Division of Employment Security.

The cases were heard by *Ryan,* J.

*George J. Mahanna,* Assistant Attorney General (*Robert T. Mahoney* with him) for the defendants.

*Jim Hammerschmith* for the plaintiffs.

---

[1] The other named defendant was the "Belchertown State School" against which no relief was sought or granted, and which appears to have no involvement in the present appeals.

[2] The companion case was brought by Ellen Mintz against the same defendants as in the *Broadhurst* case, and the comments in note 1 above apply equally to the second case.

QUIRICO, J. These are two cases brought under G. L. c. 151A, § 42, as amended through St. 1975, c. 377, §§ 2 and 3, one by Susan Broadhurst and the other by Ellen Mintz, against the Director (director) of the Division of Employment Security (DES). In each case a judge of the District Court of Hampshire entered an order that the director pay to the plaintiff a specified sum of money in unemployment benefits "plus interest and costs." Each case is now before us on the director's appeal limited to that part of the order requiring the payment of interest and costs to the plaintiff in addition to the unemployment benefits.

Because of the limited scope of these appeals it is not necessary to describe the administrative proceedings which led to the entry of the two cases in the District Court, nor is it necessary to consider the amounts of the benefits claimed or awarded, which are no longer in dispute except as to the "interest and costs."

After entry of the judge's orders the director filed a motion in each case asking that the order be amended by eliminating the requirement for the payment of "interest and costs." The grounds for the motions were that the Commonwealth cannot be sued or held liable without its consent, and that there is no provision in G. L. c. 151A, the Employment Security Law, imposing liability on the Commonwealth for interest and costs in such proceedings. The judge denied both motions and the director then claimed the appeals which are now before us. The appeals were followed by a report and were completed in accordance with the Massachusetts Rules of Appellate Procedure, all as prescribed by G. L. c. 151A, § 42.

We consider below whether the judge was correct in ordering that in addition to the unemployment benefits each plaintiff be paid "interest and costs."

1. *Costs.*

"As a general rule in Massachusetts, a litigant must bear his own expenses except in so far as (1) a statute permits awards of costs, *Loyal Protective Life Ins. Co.* v. *Massachusetts Indem. & Life Ins. Co.*, 362 Mass. 484, 494

(1972), or (2) a valid contract or stipulation provides for costs, or (3) rules concerning damages permit recovery of costs." *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70 (1977). See *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 303, 312-313 (1976). The plaintiffs here urge that the award to them of costs by the District Court judge was required by statute in that G. L. c. 261, § 1, provides: "In civil actions the prevailing party shall recover his costs, except as otherwise provided." The plaintiffs claim that neither c. 261 nor any other statute provides that a prevailing plaintiff in an action against the Commonwealth shall not recover costs. However, the director offers the argument that Mass. R. Civ. P. 54 (d), 365 Mass. 820 (1974), with respect to the awarding of costs against the Commonwealth, takes the plaintiffs' cases out of the general rule of G. L. c. 261, § 1. Rule 54 (d) reads in part: "Except when express provision therefor is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; *but costs against the Commonwealth, its officers, and agencies shall be imposed only to the extent permitted by law*" (emphasis added). Although we note that rule 54 (d) does not operate to change preexisting law in the Commonwealth as to costs,[3] we agree with the director that rule 54 (d) requires that an award of costs against the Commonwealth be based on specific affirmative authority.[4] Such an interpretation indeed comports with the "general rule [of law] ... that the Commonwealth 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed ... [by] statute. ...' " *General Elec. Co.* v. *Commonwealth,* 329 Mass. 661,

---

[3] See 20 Am. Jur. 2d Courts § 84 (1965); J.W. Smith & H.B. Zobel, Rules Practice §§ 1.9 and 1.10 (1974).

[4] Federal Rule of Civil Procedure 54 (d) is identical in substance to Mass. R. Civ. P. 54 (d) in that it provides that "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law."

664 (1953), quoting from *Glickman* v. *Commonwealth*, 244 Mass. 148, 149-150 (1923). See *Smith* v. *Commonwealth*, 347 Mass. 453, 455-456 (1964); *Executive Air Serv., Inc.* v. *Division of Fisheries & Game*, 342 Mass. 356, 358 (1961); *Putnam Furniture Bldg., Inc.* v. *Commonwealth*, 323 Mass. 179, 185 (1948); *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 349 (1940); *McArthur Bros.* v. *Commonwealth*, 197 Mass. 137, 138 (1908). By Rule 54 of the Dist. Mun. Cts. R. Civ. P. (1975), effective July 1, 1975, and applicable to the orders now in issue which were entered in August, 1976, Mass. R. Civ. P. 54 (d) governs procedure in the District Courts.[5] Inasmuch as we can determine the intent of the District Courts in the formulation of their rules of civil procedure by interpreting our own rules which they mirror, we think Dist. Mun. Cts. R. Civ. P. 54 (1975) likewise requires permissive statutory authority for the assessment of costs against the Commonwealth.[6]

The only express statutory authorization for imposition of costs against the Commonwealth in a G. L. c. 151A, § 42,

---

[5] Pursuant to Dist. Mun. Cts. R. Civ. P. 54 (1975), Mass. R. Civ. P. 54 is applicable to the District Courts with one exception: Dist. Mun. Cts. Rule 54 (a) differs from Mass. R. Civ. P. 54 in the definition of the terms "judgment" and "final judgment" as they include or fail to include "judgments" rendered under certain of the rules. However, such differences have no effect on the operation in the District Courts of Mass. R. Civ. P. 54 (d). See J.W. Smith & H.B. Zobel, Rules Practice § 54.12 (1977).

[6] The plaintiffs argue that Mass. R. Civ. P. 54 (d) and the other District Municipal Courts Rules of Civil Procedure are inapplicable to an action for judicial review under G. L. c. 151A, § 42, since such an action is not among those cases "traditionally considered tort, contract, replevin, or equity actions" pursuant to Dist. Mun. Cts. R. Civ. P. 81 (a) (1975). Granted that an action for judicial review of a DES disqualification of an applicant from unemployment benefits may not be among those "traditional" actions enumerated above, rule 81 (a) however also provides that "[i]n respects not governed by statute or by other District Court rules, the practice in civil proceedings to which these rules do not apply shall follow the course of the common law, as near to these rules as may be." The practice under the common law, and as near to rule 54 as possible, is, as noted *supra,* that the Commonwealth can be impleaded only on consent and in the manner and extent expressed by statute.

proceeding is found in G. L. c. 261, § 14, which provides: "In civil actions and in proceedings which are instituted by, or in the name of, the commonwealth, and not at the relation, in behalf, or for the use, of a private person, the commonwealth shall be liable for costs as is an individual." Although the plaintiffs argue that § 14 should be interpreted as rendering the Commonwealth liable for costs in "civil actions" *whether or not* such actions were instituted by it, and, in all other "proceedings," as rendering the Commonwealth liable for costs only if it initiated such proceedings on its own behalf, we think such an interpretation unsupportable. Notwithstanding the repetition of the word "in" in § 14, we think that the statute embodies an intelligible policy only if the clause commencing "which are instituted by" is read as modifying "civil actions," *as well as* "proceedings." Thus, the statute does not extend liability for costs to those actions which name the Commonwealth as a defendant.[7]

We disagree also with the plaintiffs' argument that the award of costs against the Commonwealth is authorized by G. L. c. 261, § 13 (as appearing in St. 1973, c. 1114, § 345), which provides: "In civil actions or other proceedings in which no provision is expressly made by law, the costs shall be wholly in the discretion of the court, but no greater amount shall be taxed therein than is allowed for similar charges in actions in which costs are expressly provided for by law." The plaintiffs argue that § 13

---

[7] Under Fed. R. Civ. P. 54 (d), as noted *supra,* note 4, and pre-1966 Federal practice, express statutory authority was to be found before costs could be assessed against the Federal government. *United States* v. *Chemical Foundation, Inc.,* 272 U.S. 1, 20 (1926). *Walling* v. *Frank Adam Elec. Co.* 163 F.2d 277, 283 (8th Cir. 1947). *Walling* v. *Norfolk S. Ry.,* 162 F.2d 95, 96 (4th Cir. 1947). *Conners Marine Co.* v. *Petterson Lighterage & Towing Corp.,* 152 F.2d 657 (2d Cir. 1945), cert. denied, 327 U.S. 804 (1946). *Aycrigg* v. *United States,* 124 F. Supp. 416, 417 (1954). 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2671 (1973). 6 Moore's Federal Practice par. 54.75 [3.-1] at 1553 (2d ed. 1976). Contrary to the Massachusetts provision, however, 28 U.S.C. § 2412, as amended by Act of July 18, 1966, Pub. L. 89-507, provided explicit statutory authorization for judgments of costs (excepting attorneys' fees), to be awarded to the "prevailing party" in a civil action *brought by or against* the United States or its agencies or officers.

granted discretion to the judge to award costs in the present cases. However, inasmuch as § 13 provides costs to be awarded in the discretion of the judge only where "no provision is expressly made by law," we think the plaintiffs' arguments fail in light of our discussion of Mass. R. Civ. P. 54 (d), the common law, and G. L. c. 261, § 14.

Pursuant to our reasoning, we think it was error for the judge to have awarded costs to the plaintiffs, and against the director in his official capacity. Without statutory authority, the judge was prohibited from so acting.[8]

2. *Interest.*

General Laws c. 151A, in toto, and § 42 in particular, are silent as to the addition of interest to an award on a petition for overdue unemployment benefits. With respect to the payment of benefits, § 42 provides only that during the pendency of any appeal to this court these are to be paid or denied in accordance with the decision of the judge below. On our final determination as to any such appeal, the director of DES is to enter an order in accordance with our decision terminating the DES proceedings.

The plaintiffs, in arguing for the interest awards, state that it is well established that the assessment of interest is necessary to the full and just compensation of an indi-

---

[8] The plaintiffs argue that the doctrine of "sovereign immunity" should not preclude the award of costs in this action in view of this court's disfavor with governmental immunity as articulated in *Morash & Sons* v. *Commonwealth,* 363 Mass. 612 (1973). Indeed, since the filing of the actions presently before us, we have expressed our strong view in *Whitney* v. *Worcester, ante,* 208, 209-210 (1977), that the immunity doctrine is "unjust and indefensible as a matter of logic and sound public policy," and our intention in the future to abrogate immunity if the Legislature does not act first. However, our opinion in *Whitney,* although embodying our intention to broaden the liability of the sovereign as to damages, did not express such an intention regarding the awarding of *costs.* Any future abrogation of the doctrine of sovereign immunity does not necessarily herald the repeal of statutes such as G. L. c. 261, § 14, where the Legislature has spoken definitively as to the assessment of *costs* against the Commonwealth, a matter we deem "ancillary" to the underlying concern of liability for damages. Cf. *Class* v. *Norton,* 505 F.2d 123, 126-127 (2d Cir. 1974). Likewise, we see nothing in our discussion of immunity in *Whitney,* which in the future would implicitly negate the application of Mass. R. Civ. P. 54 (d).

vidual who has been wrongfully deprived of money or property for a significant period of time. In support, the plaintiffs cite this court's decision in *Woodworth* v. *Commonwealth,* 353 Mass. 229, 231-233 (1967), wherein it was held that the words "just compensation" in the Fifth Amendment to the United States Constitution, and "reasonable compensation" in art. 10 of the Massachusetts Declaration of Rights, required interest to be paid on delayed compensation where the Commonwealth exercised its right of eminent domain. Prior to the *Woodworth* case this court held in *General Elec. Co.* v. *Commonwealth,* 329 Mass. 661 (1953), that in an eminent domain proceeding the Commonwealth could not be compelled to pay interest for the interval between the date of a judgment and the date of payment. In *Woodworth,* at 230, the court noted that the *General Elec.* decision was largely based on an interpretation of G. L. c. 79, §§ 22, 37, and G. L. c. 258, § 3, which did not at that time provide for awards of interest to be assessed against the Commonwealth in eminent domain cases. However, subsequent to the *General Elec.* decision, those statutory provisions were amended to provide that judgments against the Commonwealth under c. 79 eminent domain cases *were* to carry interest to the date of payment.[9] Such amendments were not yet effective at the time of the *Woodworth* case, yet the court nevertheless held that the Commonwealth was liable to pay interest in eminent domain cases pursuant to the constitutional standards cited above. In so holding the court did not overrule the *General Elec.* decision. Rather, it merely noted that in *General Elec.* no constitutional issues were raised. *Woodworth* v. *Commonwealth, supra* at 231. We thus find the plaintiffs' reliance on *Woodworth* inapplicable where there is no statutory authorization for the awarding of interest and where no constitutional issues are involved in the payment of unemployment benefits to the plaintiffs.

The plaintiffs have also misplaced their reliance on

---

[9] St. 1964, c. 548.

those cases where interest has been allowed as an element of damages for the wrongful detention of money, despite the absence of statutory obligations. The plaintiffs cite *C. & R. Constr. Co.* v. *Commonwealth,* 334 Mass. 232, 233-234 (1956), where this court held that the Commonwealth must pay interest on a contractual obligation where interest would have been charged against a private person. Such a holding based on contract law is not controlling here where the plaintiffs claim their unemployment benefits via the statutory provisions of G. L. c. 151A and not on contractual obligation. We think that the legislative silence as to interest in c. 151A, which otherwise contains a rather detailed consideration of proceedings and remedy, indicates a legislative intent that interest not be payable on unemployment benefits. See *Gurley* v. *Commonwealth,* 363 Mass. 595, 600 (1973). Moreover, we find the interest awards here to be precluded by our reasoning *supra,* concerning the granting of costs to the plaintiffs. The Commonwealth can be impleaded only to the extent that it has expressed its consent. In waiving its "immunity" under G. L. c. 151A, the Commonwealth established certain rights of recovery as to unemployment benefits "which cannot be extended beyond those expressly conferred by statute." *Gurley* v. *Commonwealth, supra.* See *Smith* v. *Commonwealth,* 347 Mass. 453, 456 (1964); *Putnam Furniture Bldg., Inc.* v. *Commonwealth,* 323 Mass. 179, 185 (1948).

For all the reasons discussed above we hold that the portions of the orders of the judge purporting to require the director to pay interest and costs to the plaintiffs were error. The orders are reversed and the cases are remanded to the District Court of Hampshire for the entry of new orders providing that the benefits previously awarded to the plaintiffs are awarded without interest or costs.

*So ordered.*