ROBERT M. TOMASELLO & others[1] vs. COMMONWEALTH.

Suffolk. May 5, 1986. — August 19, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Way,* Public: defect. *Commonwealth,* Liability for tort. *Negligence,* Comparative.

Neither the Massachusetts Tort Claims Act, G. L. c. 258, nor the comparative negligence statute, G. L. c. 231, § 85, altered the principle that, in an action against the Commonwealth under G. L. c. 81, § 18, for personal injuries resulting from a defect in a State highway, recovery may be had only if the alleged defect is the sole cause of the plaintiff's injury; consequently, the operators of two motorized bicycles (mopeds) and their passengers were barred from recovery against the Commonwealth where the jury returned special verdicts attributing to each operator 49% of the negligence resulting in personal injuries when the vehicles struck a pothole. [285-287]

In an action against the Commonwealth arising out of an accident on a State highway in which two motorized bicycles (mopeds) were damaged when each struck a pothole, the plaintiffs could not, by asserting independent common law claims for property damage caused by a defect in a State highway, circumvent the limitations placed on the Commonwealth's liability by G. L. c. 81, § 18, limiting such liability to "injuries sustained by persons." [287]

CIVIL ACTION commenced in the Superior Court Department on July 20, 1983.

The case was tried before *William H. Carey,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Christopher R. Sullivan,* Special Assistant Attorney General, for the Commonwealth.

*Nelson Gediman* for the plaintiffs.

---

[1] The plaintiffs are Roy R. Tomasello, Jr., and Melinda R. Tomasello and their two minor children, Roy R. Tomasello, III, and Robert M. Tomasello.

WILKINS, J. On June 12, 1982, each adult plaintiff was operating a motorized bicycle (moped) on a State highway in Stoneham with one of the two minor plaintiffs as a passenger. Each moped in turn struck a pothole and overturned causing injuries to each plaintiff and damage to each moped.

The jury returned special verdicts. They found the Commonwealth negligently caused the personal injuries and the property damage but further attributed to each adult plaintiff 49% of the negligence causing his or her injury. The judge denied the Commonwealth's motion for judgments notwithstanding the special verdicts on the personal injury counts but allowed it as to the property damage counts. Each side has appealed, challenging that portion of the judge's ruling adverse to it on the Commonwealth's motion for judgments notwithstanding the verdict. We took the case on our own motion. The Commonwealth's motion for judgment in its favor should have been allowed in its entirety. We deal first with the personal injury claims.

1. The Commonwealth argues that, because the jury found each operator was negligent and found that negligence was a cause of the injuries, recovery is barred because the alleged defect was not the sole cause of the plaintiffs' injuries. Further, the Commonwealth contends that the "sole cause" rule remains unaffected by changes in governmental immunity wrought by G. L. c. 258 (1984 ed.), the Massachusetts Tort Claims Act. The plaintiffs claim, on the other hand, that the comparative negligence provisions of G. L. c. 231, § 85 (1984 ed.), eliminated the principle that a governmental entity may be liable for defects in public ways only if the defect was the sole cause of a plaintiff's injury. We conclude that, because each plaintiff's personal injury was not caused solely by the defect in the State highway, judgment for the Commonwealth should be entered on each personal injury count.

We have recognized that, when adopting the Massachusetts Tort Claims Act, the Legislature by St. 1978, c. 512, § 18, preserved statutes and related decisional law governing and limiting liability for defects in public ways. *Gallant* v. *Worcester,* 383 Mass. 707, 711-712 (1981). One of those statutes,

G. L. c. 81, § 18 (1984 ed.), concerns the Commonwealth's liability for defects in State highways and incorporates by reference statutory provisions (G. L. c. 84, §§ 15, 18, and 19 [1984 ed.]) concerning defects in public ways other than State highways. It is well-settled that a municipality may be liable for injuries resulting from a defect in a way only if the defect was the sole cause of the injuries; if either a plaintiff's negligent conduct or the wrongful conduct of a third person is also a cause of the injuries, that circumstance bars recovery against the municipality. See *Scholl* v. *New England Power Serv. Co.,* 340 Mass. 267, 271 (1960); *Carroll* v. *Lowell,* 321 Mass. 98, 100 (1947); *Hayes* v. *Hyde Park,* 153 Mass. 514, 515-516 (1891). We believe that the sole cause rule, long held applicable to municipalities and other political subdivisions, applies equally to claims against the State based on defects in State highways. The plaintiffs do not argue otherwise. In St. 1978, c. 512, § 18, the Legislature treated the State and its political subdivisions as one category. There is no apparent reason for us to make a distinction. The principle is that the Commonwealth is not liable under G. L. c. 81, § 18, if the fault of another joined with the defect to cause the injury.

The plaintiffs rely on the comparative negligence statute (G. L. c. 231, § 85) to argue that the Commonwealth may no longer escape liability for a defect in a State highway if the Commonwealth's fault exceeded that of a plaintiff. See *Mirageas* v. *Massachusetts Bay Transp. Auth.,* 391 Mass. 815, 818-819 (1984). The sole cause rule is based not on principles of contributory fault but rather on causation. The rule applies if the wrongful conduct of some other person or entity (plaintiff or not) also caused the injury.[2] The comparative

---

[2] In this case the minor plaintiffs were not negligent and their parents' negligence is not attributable to them. Their injuries were caused in almost equal amounts by the Commonwealth's defect and their parents' negligence. The contributory fault statute does nothing by its terms to aid the children in overcoming the legislatively accepted sole cause rule. It would be a strange result if, because of comparative fault principles, the parents, each of whom was negligent, could recover for personal injuries caused in part by the pothole and in part by their comparative fault, while their innocent children could not.

negligence statute does not override legislatively recognized principles of law not founded on contributory fault. See *Zeller* v. *Cantu*, 395 Mass. 76, 78-81 (1985) (comparative negligence statute did not affect statute requiring contribution among joint tortfeasors without regard to the degree of fault).

The plaintiffs actually are attacking the sole cause rule and asking us to abandon it. In exempting the defect in the way statutes from the tort claims act, however, the Legislature has in effect accepted and preserved that rule. Abandonment of the rule must come from the Legislature.

2. The judge correctly ordered judgment for the Commonwealth notwithstanding the jury's verdict on the adult plaintiffs' property damage claims. The Commonwealth can be liable under G. L. c. 81, § 18, for defects in State highways only "for injuries sustained by persons." The Legislature made a conscious choice to omit from § 18, and from its predecessor acts since 1894, a right to recover for property damage. Compare St. 1893, c. 476, § 13 ("injuries to persons or property") with St. 1894, c. 497, § 6 ("injuries to persons") and § 9 (repealing St. 1893, c. 476, § 13). See St. 1900, c. 253, §§ 1 and 3. The Massachusetts Tort Claims Act does not aid the plaintiffs. As we have already noted, when it adopted that act, the Legislature retained G. L. c. 81, § 18 (and relevant sections of G. L. c. 84), in full effect. See St. 1978, c. 512, § 18; *Gallant* v. *Worcester*, 383 Mass. 707, 711-712 (1981). The plaintiffs may not circumvent the statutory limitations on liability by asserting independent common law claims for property damage caused by a defect in a State highway. See *Huff* v. *Holyoke*, 386 Mass. 582, 584-586 (1982). In determining whether a governmental unit is to be liable for property damage caused by a defect in a public way, the Legislature has distinguished between State highways and other public ways. Whether in logic and fairness this distinction should be preserved is for the Legislature.

3. The judgments for the plaintiffs are vacated and the case is remanded for entry of judgment for the Commonwealth on all counts.

*So ordered.*