## M. C.[1] *vs.* COMMISSIONER OF CORRECTION.[2]

Suffolk. March 5, 1987. — May 13, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Moot Question. Practice, Civil,* Moot case, Costs, Counsel fees. *Commonwealth,* Claim against.

This court declined to express its view on constitutional questions raised in an action by a female prisoner at the Massachusetts Correctional Institution at Framingham alleging that because her request for transfer to an all-male forestry prison camp was rejected and because there are no prison camps in Massachusetts for female prisoners, she had been denied an opportunity to earn extra good time credits to which prison camp inmates are entitled under G. L. c. 127, § 129C, where the case had become moot as a result of the plaintiff's having been released from prison, and where it was unlikely that the same issues would arise again. [911-912]

In the absence of specific affirmative authority, the judge in a civil action did not have discretion to award costs against the Commonwealth under the provisions of G. L. c. 231A, § 7. [912]

In a civil action against the Commissioner of Correction and a State prison superintendent, in their official capacities only, which had become moot, the plaintiff was not entitled to the award of attorney's fees and costs under G. L. c. 12, §§ 11H and 11I, allowing such recovery only to those plaintiffs who have prevailed, nor did G. L. c. 220, § 2, entitle the plaintiff to an award of attorney's fees and costs; furthermore, this court declined to exercise its inherent power to make such an award. [913]

---

[1] The plaintiff brought this action individually and on behalf of all women prisoners in Massachusetts correctional institutions. The plaintiff's children joined the action individually and on behalf of all children of women prisoners in Massachusetts correctional institutions. The trial judge denied class certification to both the plaintiff and her children, and dismissed the action brought individually by the children.

[2] The trial judge granted motions to dismiss two of the other defendants, the Superior Court Department of the Trial Court and the Commissioner of Probation. The Superintendent of the Massachusetts Correctional Institution at Framingham was also named as a defendant, but did not appeal.

CIVIL ACTION commenced in the Superior Court Department on May 31, 1983.

The case was heard by *Robert A. Barton,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John J. Loftus* for the plaintiff.

*Linda G. Katz,* Assistant Attorney General, for the Commissioner of Correction.

NOLAN, J. The plaintiff sought a declaration that G. L. c. 127, §§ 83A, 83B, and 129C (1984 ed.), violated art. 1 of the Declaration of Rights of the Massachusetts Constitution, as amended by art. 106 of the Amendments (Equal Rights Amendment). A Superior Court judge ruled that G. L. c. 127, §§ 83A and 83B, were unconstitutional on their face, but upheld the constitutionality of G. L. c. 127, § 129C. The judge also allowed the plaintiff's motion for attorney's fees and costs, but did not allow the full amount of fees and costs sought by the plaintiff. The defendant appealed and the plaintiff cross appealed. We transferred the case from the Appeals Court on our own motion. We reverse and order dismissal because the case is moot.

When the plaintiff brought this action, she was serving two concurrent three-to-five-year prison sentences at the Massachusetts Correctional Institution at Framingham (MCI-Framingham). The plaintiff requested a transfer to the forestry prison camp at the Massachusetts Correctional Institution at Plymouth (MCI-Plymouth), but her request was denied because MCI-Plymouth is an all-male facility. Since there are no prison camps in Massachusetts for female prisoners, the plaintiff had no opportunity to earn the two and one-half days of extra good time credits to which prison camp inmates are entitled under G. L. c. 127, § 129C. The plaintiff's sentence was reduced to time served, and she was released after serving approximately eight months. The defendants moved for summary judgment, but the judge rejected the defendants' claim that the case was moot, concluding that the issues were "capable of repetition yet evading review." After ruling that G. L. c. 127, §§ 83A and 83B, unconstitutionally discriminated on the basis of sex,

the judge ordered the offending language struck from the statute and awarded costs and attorney's fees to the plaintiff. The judge further ruled that § 129C was gender neutral and did not violate the Equal Rights Amendment.

The judge erred in denying the defendants' motion for summary judgment because the case became moot when the plaintiff was released from prison. Courts generally "decline to hear moot cases because (a) only factually concrete disputes are capable of resolution through the adversary process, (b) it is feared that the parties will not adequately represent positions in which they no longer have a personal stake, (c) the adjudication of hypothetical disputes would encroach on the legislative domain, and (d) judicial economy requires that insubstantial controversies not be litigated." *Lockhart* v. *Attorney Gen.,* 390 Mass. 780, 782-783 (1984), quoting *Wolf* v. *Commissioner of Pub. Welfare,* 367 Mass. 293, 298 (1975). The judge should have refused to hear this case for all four of these reasons.

This was not a dispute where the life expectancy was so short that the case was "capable of repetition, yet evading review." *Id.* at 783. In *Lockhart,* we said that a judge should not decide a moot issue if it has become a theoretical dispute, if it is not apt to evade review should it arise again, or if it is not likely to recur. *Id.* at 783-784. In the present case, the dispute became theoretical when the plaintiff was released from prison because the plaintiff was the only individual interested in the outcome of this litigation. The judge's findings indicate that no other female prisoner has ever requested a transfer to a prison camp. In addition, there is no reason to conclude that a similar case would evade review if it arises. The judge took judicial notice of the fact that MCI-Framingham inmates typically are incarcerated less than two years. Even so, the issue presented here could easily be resolved within two years "if parties show even minimal resoluteness in carrying on litigation." See *Blake* v. *Massachusetts Parole Bd.,* 369 Mass. 701, 708 (1976). Finally, this issue is not likely to recur. There was evidence which indicated that the women's prerelease center at the Massachusetts Correctional Institution at Lancaster (MCI-Lancaster) offered more program opportunities for

women prisoners than did the male prison camps. The judge found that a woman could earn up to seven and one-half days of good time credits a month at MCI-Lancaster, whereas a man could earn up to eight days a month at a prison camp. Given the greater opportunity to participate in programs at MCI-Lancaster, as well as the virtually identical opportunity to earn good time credits at MCI-Lancaster and the prison camps, it is not likely that another prisoner will seek a transfer to a prison camp.

We have been particularly reluctant to decide an issue in a moot case where that issue is a constitutional one. Lockhart, *supra* at 784. In keeping with this practice, we decline to decide the issue raised here. To do otherwise would violate the principles of judicial restraint which require us to refrain from unnecessarily deciding constitutional questions. *Id.*

The judge awarded the plaintiff attorney's fees and costs based on G. L. c. 231A, § 7 (1984 ed.). On appeal, the plaintiff offers several additional theories which, she claims, support the judge's order. We reverse the judge's order, and we also reject the plaintiff's arguments that she was entitled to attorney's fees and costs.

The Commissioner of Correction and the Superintendent of MCI-Framingham were sued only in their official capacities. Rule 54 (d) of the Massachusetts Rules of Civil Procedure, 365 Mass. 820 (1974), provides that "costs against the Commonwealth, its officers, and agencies shall be imposed only to the extent permitted by law." We have interpreted this rule, as requiring an award of costs against the Commonwealth, to be based on specific affirmative authority. *Broadhurst* v. *Director of the Div. of Employment Sec.,* 373 Mass. 720, 722 (1977). In *Broadhurst,* we held that G. L. c. 261, § 13, which allows costs to be taxed in the discretion of the judge, was not sufficient authority to support an award of costs against the Commonwealth. *Id.* at 724. Similarly, we hold that G. L. c. 231A, § 7, which also allows costs to be awarded in the discretion of the judge, is not supportive of an award of costs against the Commonwealth in this case.

The plaintiff's arguments to the contrary are not persuasive. She claims that the judge erred in refusing to award attorney's fees and costs under G. L. c. 12, § § 11H and 11I (1984 ed.). Chapter 12, however, allows costs and attorney's fees only to plaintiffs who prevail. Since we hold this case moot, the plaintiff did not prevail and is not entitled to attorney's fees or costs under c. 12. Nor does G. L. c. 220, § 2 (1984 ed.), entitle the plaintiff to costs or attorney's fees. General Laws c. 220, § 2, does not contain the specific statutory authorization which is required for an award of attorney's fees and costs in a civil case against the Commonwealth. See *Broadhurst, supra* at 722. The plaintiff also urges us to use our inherent power to award the plaintiff costs and attorney's fees, but we decline to do so. The plaintiff cites no authority which would justify use of such power in this case. Because we conclude that the plaintiff is not entitled to any costs or attorney's fees, we need not reach the plaintiff's argument that the judge erred in awarding the plaintiff less than she requested. The judgment is vacated and the case is remanded to the Superior Court where judgment shall be entered for the defendant.

*So ordered.*