DONNA M. WARE *vs.* COMMONWEALTH.

No. 89-P-208.

Hampshire. February 14, 1990. - June 27, 1990.

Present: KASS. CUTTER. & JACOBS. JJ.

Further appellate review granted, 408 Mass. 1102 (1990).

*Massachusetts Tort Claims Act. Statute*, Construction. *Commonwealth*, Claim against. *Practice, Civil*, Costs.

Under the provisions of the Massachusetts Tort Claims Act, G. L. c. 258, § 2, first par., costs of litigation were properly assessed against the Commonwealth in favor of a plaintiff who prevailed in a tort action. [738-741]

CIVIL ACTION commenced in the Superior Court Department on December 1, 1986.

The case was tried before *William H. Welch*, J., and a motion for costs was considered by him.

The case was submitted on briefs.

*George B. Scully* for the plaintiff.

*James M. Shannon*, Attorney General, & *Kathleen E. Sheehan*, Assistant Attorney General, for the Commonwealth.

KASS, J. In addition to $52,000 on account of a tort recovery against the Commonwealth, a Superior Court judge allowed the plaintiff $471.79 in costs. The sole question on appeal is whether costs lie against the government in an action under G. L. c. 258. We decide that they do and affirm the judgment.

"[C]osts against the Commonwealth, its officers, and agencies shall be imposed only to the extent permitted by law." Mass.R.Civ.P. 54(d), as amended, 382 Mass. 821-822 (1980). Imposition of costs against the Commonwealth, therefore, must rest on some "specific affirmative authority." *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373

Mass. 720, 722 (1977). *M.C.* v. *Commissioner of Correction*, 399 Mass. 909, 912 (1987).[1] Affirmative authority appears in § 2 of the Massachusetts Tort Claims Act, G. L. c. 258. The first paragraph of § 2 of c. 258, inserted by St. 1978, c. 512, § 15, provides that "[p]ublic employers shall be liable for . . . personal injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, *in the same manner and to the same extent as a private individual under like circumstances*, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or for punitive damages . . . " (emphasis supplied).

As the italicized portion of the quotation calls to attention, the statute sets forth generally that public employers are to be held liable for tortious acts to the same extent and in the same manner as an individual. Generally, a litigant who does not prevail in a civil action is liable for the costs of the prevailing party. G. L. c. 261, § 1.[2] General Laws c. 258, § 2, qualifies this general consent to liability by enumerating specific exceptions. So it is that execution on property of the government, expenses incident thereto, prejudgment interest, punitive damages, and damages in excess of $100,000 are expressly excluded. The generalized directive that the Commonwealth in a tort action is to be treated just like an individual, taken in conjunction with the particularized exceptions, leads to the conclusion that costs here are included within the scope of liability under the statute because they are not expressly excluded. We arrive at that opinion by application of the familiar maxim of statutory construction

[1]Examples of statutes in which the Legislature has specifically authorized interest payments against the Commonwealth are G. L. c. 231, §§ 6B, 6C, and G. L. c. 229, § 11. General Laws c. 261, § 14, adverted to later in this opinion, authorizes assessment of costs against the Commonwealth when it initiates a civil action in which it does not prevail.

[2]The text of G. L. c. 261, § 1, is: "In civil actions the prevailing party shall recover his costs, except as otherwise provided." The amount of those costs lies in the discretion of the court. G. L. c. 261, § 13.

that a "statutory expression of one thing is an implied exclusion of other things omitted from the statute." See *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Authy.*, 368 Mass. 425, 432 (1975); *Creed* v. *Apog*, 377 Mass. 522, 524 (1979); *County of Middlesex* v. *Newton*, 13 Mass. App. Ct. 538, 542 (1982); 2A Sands, Sutherland Statutory Construction § 47.23, at 194 (4th ed. 1984).[3]

The Legislature has provided specifically for those costs and expenses for which the Commonwealth will *not* be held responsible. It would be illogical for the Legislature to prohibit affirmatively certain expenses which the Commonwealth was to be spared if its simple failure to mention them would afford the Commonwealth the same protection. The combination of general inclusion and specific exclusion adds up to the *specific* affirmative authority required by *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. at 722. Parenthetically, exposure of the Commonwealth to costs is not remarkable. Under G. L. c. 261, § 14, the Commonwealth shall be liable for costs as an individual when it institutes a civil action. See also G. L. c. 261, § 16, regarding the source of funds for payment of costs by the Commonwealth.

As the sort of costs contemplated by G. L. c. 261, § 1 —they do *not* include counsel fees — fail to appear among the exceptions enumerated in G. L. c. 258, § 2, and as the total amount the Commonwealth was required to pay does

---

[3]The maxim is not strictly adhered to where to do so would frustrate the beneficial purposes intended by the Legislature. *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Authy.*, 368 Mass. at 432. *Brady* v. *Brady*, 380 Mass. 480, 484 (1980). Awarding costs of litigation to a plaintiff in a valid tort claim against the Commonwealth affirms, rather than frustrates, one principal purpose of the statute, i.e., to allow the recovery of valid claims in tort against the Commonwealth, thus abolishing sovereign immunity and its "crazy quilt of exceptions." *Rogers* v. *Metropolitan Dist. Commn.*, 18 Mass. App. Ct. 337, 338-339 (1984). See *George* v. *Saugus*, 394 Mass. 40, 43 (1985). In excluding certain expenses, the Legislature demonstrated its "intent to be protective of the public funds, reflected in the exclusion of punitive damages and prejudgment interest [and the $100,000 limitation]" as well as to ensure recovery to victims of tortious acts by public employees. *Irwin* v. *Ware*, 392 Mass. at 772. *Hallett* v. *Wrentham*, 398 Mass. 550, 558 (1986).

not exceed the limit of $100,000 set out in G. L. c. 258, § 2, for an aggregate recovery against the Commonwealth, the costs of litigation were properly assessed against the Commonwealth.

*Judgment affirmed.*