· DONNA M. WARE *vs.* COMMONWEALTH.

Hampshire. October 5, 1990. - January 14, 1991.

Present: LIACOS, C.J., ABRAMS, O'CONNOR, & GREANEY, JJ.

*Massachusetts Tort Claims Act. Statute*, Construction. *Commonwealth*,
Claim against. *Practice, Civil*, Costs.

The language of G. L. c. 258, the Massachusetts Tort Claims Act, does
not demonstrate adequately, either by its express terms or by implica-
tion, the Legislature's consent to the recovery of costs against the Com-
monwealth in a civil action initiated by a private plaintiff; consequently,
a plaintiff who prevailed in a tort action against the Commonwealth
was not entitled to the recovery of such costs. [91-93]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 1, 1986.

The case was tried before *William H. Welch, J.*, and a
motion for costs was considered by him.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Peter Sacks*, Assistant Attorney General, for the
Commonwealth.

*George B. Scully*, for the plaintiff, submitted a brief.

LIACOS, C.J. In a tort action against the Commonwealth,
the plaintiff, Donna M. Wa're, was awarded $52,000 for her
injuries. On motion by the plaintiff, a Superior Court judge
amended the judgment to include $471.79 in costs. The
Commonwealth, claiming a violation of the doctrine of sover-
eign immunity, appealed the award of costs to the Appeals
Court, which affirmed the judgment. *Ware* v. *Common-
wealth*, 28 Mass. App. Ct. 738 (1990). We granted the Com-
monwealth's application for further appellate review. We va-
cate that part of the judgment which allowed the recovery of
costs.

General Laws c. 261, § 1 (1988 ed.), provides that, "[i]n civil actions the prevailing party shall recover his costs, except as otherwise provided." For the purposes of this case, G. L. c. 261, § 1, must be read in conjunction with Mass. R. Civ. P. 54 (d), as amended, 382 Mass. 821 (1980). The rule states that "costs against the Commonwealth, its officers, and agencies shall be imposed only to the extent permitted by law." This court has held that rule 54 (d) "requires that an award of costs against the Commonwealth be based on specific affirmative authority." *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. 720, 722 (1977). See *M.C.* v. *Commissioner of Correction*, 399 Mass. 909, 912 (1987). This requirement arises directly out of the "general rule [of law] . . . that the Commonwealth 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed . . . [by] statute.'" *Broadhurst* v. *Director of the Div. of Employment Sec.*, *supra* at 722, quoting *General Elec. Co.* v. *Commonwealth*, 329 Mass 661, 664 (1953).

The plaintiff in the present case sued the Commonwealth under the Massachusetts Tort Claims Act, G. L. c. 258, §§ 1-13 (1988 ed.). The Appeals Court concluded that G. L. c. 258 provided affirmative legislative authority for the imposition of costs against the Commonwealth. The Appeals Court relied on G. L. c. 258, § 2, which states, in pertinent part, that "[p]ublic employers shall be liable for . . . personal injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, *in the same manner and to the same extent as a private individual under like circumstances*, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars" (emphasis supplied). The Appeals Court, applying the "familiar maxim of statutory construction that a 'statutory expression of one thing is an im-

plied exclusion of other things omitted from the statute,' "
concluded that the recovery of costs against the Common-
wealth was allowed by implication under G. L. c. 258 be-
cause costs were not included in the statute's express prohibi-
tions of recovery. *Ware* v. *Commonwealth, supra* at 739-740,
quoting *Harborview Residents' Comm., Inc.* v. *Quincy Hous.
Auth.,* 368 Mass. 425, 432 (1975). While we acknowledge
that the reasoning of the Appeals Court in this case enjoys
some appeal, we do not believe that the language of this stat-
ute can be interpreted properly as granting specific legislative
authority for the recovery of costs against the Common-
wealth.

"The rules of construction governing statutory waivers of
sovereign immunity are stringent." *Woodbridge* v. *Worcester
State Hosp.,* 384 Mass. 38, 42 (1981). See *C & M Constr.
Co.* v. *Commonwealth,* 396 Mass. 390, 392 (1985). "Consent
to suit must be expressed by the terms of a statute, or appear
by necessary implication from them." *Id.* at 392, quoting
*Woodbridge* v. *Worcester State Hosp., supra* at 42. The rele-
vant statute in the present case, G. L. c. 258, contains no
express provisions for the recovery of costs against the Com-
monwealth. Furthermore, the terms of G. L. c. 258, which
allow a plaintiff to recover damages for personal injury from
the Commonwealth, do not necessarily imply that the costs
of litigating such a case must also be recoverable. This court
has recognized that a recovery of damages for liability from
the Commonwealth does not necessarily involve a recovery of
costs. In *Broadhurst* v. *Director of the Div. of Employment
Sec., supra* at 725 n.8, we stated that "the assessment of
*costs* against the Commonwealth [is] a matter we deem 'an-
cillary' to the underlying concern of liability for damages"
(emphasis in original). Therefore, the fact that the Legisla-
ture provided for the recovery of damages from the Com-
monwealth in G. L. c. 258 does not lead necessarily to the
conclusion that the statute allows for the recovery of costs as
well.

In addition, we note that the Legislature already has ex-
pressly provided for the recovery of costs against the Com-

monwealth to an extent which appears to be incompatible with the position suggested by the plaintiff. In G. L. c. 261, § 14 (1988 ed.), the Legislature stated that "[i]n civil actions and in proceedings which are instituted by, or in the name of, the commonwealth, and not at the relation, in behalf, or for the use, of a private person, the commonwealth shall be liable for costs as is an individual." Because G. L. c. 261, § 14, only provides for the recovery of costs in civil actions initiated by the Commonwealth, it appears that the Legislature did not intend to allow recovery of costs from the Commonwealth in civil actions initiated by a private plaintiff, such as in the present case. See *Broadhurst* v. *Director of the Div. of Employment Sec., supra* at 724 ("[G. L. c. 261, § 14,] does not extend liability for costs to those actions which name the Commonwealth as a defendant"). See also *C & M Constr. Co.* v. *Commonwealth, supra* at 393. If, at the time the Massachusetts Tort Claims Act was enacted, the Legislature had intended to allow the recovery of costs against the Commonwealth in tort actions initiated by either the Commonwealth or a private plaintiff, the primary distinction posed by G. L. c. 261, § 14, between actions initiated by the Commonwealth and actions initiated against the Commonwealth would have been rendered irrelevant. In the absence of express statutory language which declares otherwise, we decline to accept an interpretation of G. L. c. 258 which renders superfluous most of the language of G. L. c. 261, § 14. See *Boston* v. *Board of Educ.*, 392 Mass. 788, 792 (1984). See also *C & M Constr. Co.* v. *Commonwealth, supra* at 393.[1]

---

[1]By way of comparison, the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. (1988 ed.), on which G. L. c. 258 is "modeled closely," see *Vasys* v. *Metropolitan Dist. Comm'n*, 387 Mass. 51, 54 (1982), does not expressly provide for the recovery of costs against the Federal government. Such costs may be awarded, however, on the basis of a separate statutory provision, 28 U.S.C. § 2412 (1988 ed.), that "[e]xcept as otherwise specifically provided by statute, a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States . . . ."

In conclusion, the language of G. L. c. 258 fails to demonstrate adequately, either through express command or "necessary implication," the Legislature's consent to the recovery of costs against the Commonwealth in a civil suit initiated by a private plaintiff. Accordingly, the plaintiff in the present case was not entitled to the recovery of such costs. That part of the judgment for the plaintiff which awarded $471.79 in costs must be vacated.

*So ordered.*