LoConto J.
This case is before the Western Appellate Division on the appeal of the defendant, City of Worcester under Dist./Mun. Cts. R. A. D. A., Rule 8C. The facts and issues necessary to an understanding of the appeal are as follows.
On June 30,1995, the plaintiff, Mathus Edmonds, brought an action in the Worcester Division, alleging that he suffered injuries as a result of a fall on a public sidewalk negligently and carelessly maintained by the defendant. G.L.c. 84, §15. He demanded that damages be awarded for his injuries, lost wages and/or lost earning capacity, medical expenses and pain and suffering. The plaintiff was the only witness to testify at the trial held on October 4,1995. An excerpt of the trial transcript, containing the plaintiff’s testimony, was part of the record appendix. The trial judge made a Finding and Order For Judgment. He responded to the defendant’s requests for rulings of law and deemed the plaintiff’s requests as waived. In addition, he made additional findings in response to the defendant’s post-judgment motions.
The defendant’s appeal presents two issues of law. First is whether the sidewalk defect was the sole cause of the accident; and second whether prejudgment interest and costs are recoverable under chapter 84, §15.
Liability
The right of a plaintiff to recover under this law is entirely statutory. Iacampo v. City of Boston, (1971) 47 Mass. App. Dec. 87. In pertinent parts, the statute provides recovery if a person sustains injury or damages by reason of a defect or want of repair and “such injury or damages might have been prevented ... by reasonable care and diligence on the part of the... city... to repair the same.” As a matter of law the city is not liable for the plaintiff’s injuries resulting from the defect unless the defect is the sole cause of the injury. Caisse v. City of Cambridge, 317 Mass. 356 (1945); Tomasello v. Commonwealth, 398 Mass. 284 (1986). “It is well settled that a municipality may be liable for injuries resulting from a defect in a way only if the defect was the sole cause of the injuries; if either a plaintiff’s negligent conduct or the wrongful conduct of a third person is also a cause of the injuries, that circumstance bars recovery against the municipality.” Tomasello v. Commonwealth, supra at 286. The rule is based on principles of causation, not contributory fault. “The comparative negligence statute does not override legislatively recognized principles of law not founded on contributory fault.” Id. at 287. In this case, there was evidence that the hole the plaintiff claimed caused the injury measured 30 inches wide, 40 inches long and 2 inches deep, and that this hole was located on the sidewalk on Lincoln Street in Worcester. The trial judge found that “ [T]he area where the hole was located was in a very poor state of repair. The hole had been created by a break-up of the pavement.” In his denial of the defendant’s Motion for Amendment of Findings and Judgment, and Motion for Relief from Judgment, the trial judge made *182 additional findings that the “plaintiff [is] free of negligence and [has] been injured by the negligence of the City in the maintenance of a public way.” A review of the evidence, and the reasonable inferences to be drawn therefrom, supports the trial judge’s findings. Our review is not whether we would have made the same findings, but the standard set out in Dist./Mun. Cts. R, Rule 52(a); that is, “findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” The trial judge found that the damages suffered by the plaintiff were $9,152.50. He limited recovery to $5,000.00, as required by law. We rule that on the defendant’s first claim, no error occurred.
Interest and Costs
General Laws Chapter 231, section 6B, requires that where the plaintiff, as here, recovers damages, the clerk shall add “interest thereon at a rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.” District/Municipal Courts Rules of Civil Procedure, Rule 54(d), provides that costs against the Commonwealth shall be imposed only to the extent permitted by law; and General Laws Chapter 261, section 1, provides for the imposition of costs to the prevailing party, except as otherwise provided. The fact that these provisions provide for the recovery of interests and costs generally does not lead necessarily to the conclusion that they apply to this case.
We agree with the defendant’s reasoning based upon the rulings in Ware v. Commonwealth, 409 Mass. 89 (1991) and Onofrio v. Department of Mental Health, 411 Mass. 657 (1992), that these cases hold that the legislature did not consent to the recovery of pre-judgment interest or costs against municipalities and other public employers under General Laws chapter 258, where this statute is in derogation of sovereign immunity. We also agree that Chapter 84, section 15, is such a statute. “Consent to suit must be expressed by the terms of a statute, or appear by necessary implication from them.” Ware, at 91. And “[t]he rules of construction governing statutory waivers of sovereign immunity are stringent.” Ware v. Commonwealth, supra at 91, quoting Woodbridge v. Worcester State Hospital, 384 Mass. 38, 42 (1981). Where interest and costs are not an element of damages, the fact that Chapter 84, section 15, is silent on their preclusion does not lead to the conclusion that they are recoverable. Rather, the legislature must... “demonstrate adequately, either through express command or ‘necessary implication,’ its consent to the recovery of [interest and] costs against [a municipality] in a civil suit initiated by a private person.” Ware v. Commonwealth, supra at 93. Accordingly, we agree that the plaintiff is not entitled to pre-judgment interest and costs and order that the Clerk in the trial court amend the judgment accordingly.