Botsford, J.
*257 Introduction
The plaintiff, Sutton Corporation (Sutton), brought this action to recover damages from the defendant Metropolitan District Commission (MDC) in 1982, after it incurred additional expenses on a construction project due to a “changed condition." The court ordered the parties to report to a master in 1991. Following a hearing, the master found in favor of Sutton. The Superior Court affirmed that finding, awarding the sum of $255,504.61 in damages. Ultimately, the Supreme Judicial Court affirmed the judgment of the Superior Court. Sutton now moves for an assessment of taxable costs against the Commonwealth in the sum of $32,014.72. The MDC argues the motion should be denied on the grounds that the doctrine of sovereign immunity bars the recovery of such costs.
Background
Sutton commenced this contract action against the MDC in 1982; the contract at issue concerned the replacement of the General Lawrence Bridge in Med-ford. The case file and docket entries indicate that on February 15, 1991, the court ordered the parties to report to a master. The order specified that the “Master shall be compensated at the rate of $150.00 per hour, said amount to be divided by the parties and ultimately taxed as costs.” After a nine-day hearing, the master found in favor of Sutton. On August 16, 1993, the Superior Court affirmed the master’s finding, awarding Sutton $255,504.61 in damages, $346,903 in interest “plus cost.” However, no specific costs were allowed in any dollar amount. The Appeals Court reversed the judgment of the Superior Court. Sutton petitioned for further appellate review and in July of 1996, the Supreme Judicial Court affirmed the original judgment of the Superior Court, Sutton Corp. v. Metropolitan Dist Comm’n, 423 Mass. 200 (1996). No costs have been assessed by the court in this action to date.
Discussion
The MDC argues that the doctrine of sovereign of immunity prohibits cost assessment against the Commonwealth absent a specific statutory provision authorizing the imposition of such costs.[1] I agree. As matter of common law and statutoiy law, the Commonwealth waives sovereign immunity on the issue of damages in contract actions. The issue of costs, however, is ancillary to liability for damages. See Broadhurst v. Director of the Division of Employment Security, 373 Mass. 720, 725 n.8 (1977). See also Ware v. Commonwealth. 409 Mass. 89, 91-92 (1991). See generally Mass.R.Civ.P. 54(d). Cf. Chapman v. University of Massachusetts Medical Center, 423 Mass. 584, 585 (1996) (action for interest after judgment is separate action based on statutory right and not part of underlying contract claim).
In this case, the underlying action is based on a contract claim. The MDC waived sovereign immunity when it entered into the contract, and was properly ordered to pay damages following a finding for Sutton. Prejudgment interest was also properly awarded, because it is expressly authorized by statute against the Commonwealth in contract actions. G.L.c. 231, §6C. There is, however, no statute authorizing the award of costs against the Commonwealth in contract actions, and the lack of statutory authority is fatal. See Ware v. Commonwealth, supra, 409 Mass. at 92 (“. . . it appears that the legislature did not intend to allow recovery of costs from the Commonwealth in civil actions initiated by a private plaintiff, such as the present case”). Costs can only be assessed against the Commonwealth by statute. Sutton does not cite statutory authority for the imposition of master’s costs against the Commonwealth, which comprises the bulk of the amount of money it seeks. Sutton breaks down the remaining costs in its memorandum, citing various sections of G.L.c. 261 that apply to costs of filing fees, sheriffs fees, and other types of expenses. Except for G.L.c. 261, §14, no reference to the Commonwealth is made in the actual language of the sections cited. Without specific mention of the Commonwealth in these statutes, the proper authority has not been established to satisfy Mass.R.Civ.P. 54(d).
Sutton cites G.L.c. 261, §14 as authority for the court to require the MDC to bear the cost of the appeal. General Laws c. 261, §14 states that “in civil actions and in proceedings which are instituted by, or in the name of the commonwealth . .' . the commonwealth shall be liable for the costs as is an individual.” Sutton brought this action. The fact that the MDC brought the appeal does not change the party who filed the suit. Section 14 cannot assist Sutton here.
Sutton also argues that the MDC has waived any right to challenge an award of costs against it because it did not appeal that aspect of the original judgment’s inclusion of costs (“plus cost”). The MDC counters that it would have been meaningless to appeal from the original award of costs because in fact no costs had been assessed, and therefore, no waiver took place. The MDC’s position has merit. With no costs having been identified or assessed, an appeal by the MDC on the issue of costs would have been premature. In the circumstances, where the issue at hand is waiver of the Commonwealth’s sovereign immunity, it would be inequitable and inappropriate to bar the MDC from asserting the defense in response to the current motion for costs, which is apparently its first.[2] Cf. Ware v. Commonwealth, supra, 409 Mass. at 91 (“ [t]he rules of construction governing statutoiy waivers of sovereign immunity are stringent”) (citation omitted).
ORDER
For the foregoing reasons, the motion for assessment of costs is denied.

Rule 54(d) of the Mass. Rules of Civil Procedure states in relevant part: [C]osts against the Commonwealth, its officers, and agencies shall be imposed only to the extent permitted by law.

Sutton makes no claim here that it moved for an assessment, of costs when the judgment in its favor originally entered in 1993, and I see no indication of such a motion in the case file or on the docket.