NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-308

DONNA BUCCA

vs.

COMMONWEALTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Donna Bucca brought claims under the Wage Act, G. L. c. 149, § 148, and for breach of contract to recover accrued vacation and earned sick time that she says the Commonwealth unlawfully withheld from her when she retired from her employment.  The Commonwealth filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (1) and 12 (b) (6), 365 Mass. 754 (1974), arguing that the Wage Act claim was barred by sovereign immunity and that the breach of contract claim was barred by Bucca's failure to exhaust the grievance procedure set forth in her collective bargaining agreement.  A Superior Court judge allowed the motion, and Bucca appeals.  We affirm.

1.  Wage Act.  Under the doctrine of sovereign immunity, "[t]he Commonwealth 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it

can be impleaded only in the manner and to the extent expressed . . . [by] statute.'" Woodbridge v. Worcester State Hosp., 384 Mass. 38, 42 (1981), quoting Broadhurst v. Director of the Div. of Employment Security, 373 Mass. 720, 722 (1977). "The rules of construction governing statutory waivers of sovereign immunity are stringent." Woodbridge, supra. They require that "consent to suit . . . be expressed by the terms of a statute, or appear by necessary implication from them." Id.

We are unpersuaded by Bucca's contention that the Wage Act contains a waiver of sovereign immunity that is broad enough to encompass her claim. We do not write on a blank slate on the matter. In Donahue v. Trial Court, 99 Mass. App. Ct. 180, 183-184 (2021), we held that, while the Wage Act "expressly applies to the Commonwealth and its instrumentalities, . . . it does so only in certain limited circumstances." Specifically, the first paragraph of the Wage Act states that the statutory requirements apply to "every mechanic, workman and laborer employed by" the Commonwealth and its instrumentalities and "every person employed in any other capacity by it or them in any penal or charitable institution." G. L. c. 149, § 148. See Donahue, supra at 184. The amended complaint does not plausibly allege, nor does Bucca argue, that her work qualified her as a mechanic, workman, or laborer or that she was employed in a penal or

2

charitable institution.[1]  Thus, Bucca's claim does not fall within the Wage Act's limited waiver of sovereign immunity.  See Donahue, supra at 184-187.

Bucca suggests that Donahue was wrongly decided in that it overlooked other language in the Wage Act.  In particular, Bucca relies on the following paragraph:

> "No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty.  The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section.  Every public officer whose duty it is to pay money, approve, audit or verify pay rolls, or perform any other official act relative to payment of any public employees, shall be deemed to be an employer of such employees, and shall be responsible under this section for any failure to perform his official duty relative to the payment of their wages or salaries, unless he is prevented from performing the same through no fault on his part" (emphasis added).

G. L. c. 149, § 148.  We do not agree with Bucca's reading of the emphasized language as establishing a blanket waiver of sovereign immunity.  Rather, as explained in Cook v. Patient Edu, LLC, 465 Mass. 548, 553 (2013), that language "imposes individual liability" on the identified public officers if they fail to make payment of wages in accordance with the statute.

---

[1] According to the amended complaint, Bucca "last worked as an Assisted Living Ombudsman" for the Executive Office of Health and Human Services.  The Commonwealth argues, citing G. L. c. 6A, § 16CC, that an Assisted Living Ombudsman is a skilled professional.  Bucca does not argue otherwise.

3

To construe it instead as a blanket waiver of immunity would render superfluous the provision in the first paragraph limiting the Commonwealth's liability to certain subsets of employees. This would contravene the strict rules of construction governing waivers of immunity, see Woodbridge, 384 Mass. at 42, as well as the basic tenet of construction that "no word in a statute should be considered superfluous." International Org. of Masters, Mates and Pilots, Atl. and Gulf Maritime Region, AFL-CIO v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 392 Mass. 811, 813 (1984).

Bucca raises a number of other arguments why her claim can survive dismissal, none of which we find persuasive. First, her argument that we should deem the Commonwealth's immunity waived for public policy reasons is contrary to the settled rule that waiver must be expressed by the terms of a statute or by necessary implication. See Harrison v. Massachusetts Bay Transp. Auth., 101 Mass. App. Ct. 659, 671 (2022) ("general rule requiring employment statutes to be liberally construed . . . must yield to the more specific rule requiring strict construction of purported waivers of sovereign immunity"). Second, the Commonwealth did not waive its immunity by entering into the collective bargaining agreement. The Commonwealth's "consent to suit on a contract by virtue of entering into that contract does not . . . constitute a waiver of immunity"; there

4

must be a statutory "source of waiver of sovereign immunity" (quotations and citation omitted). Sheriff of Suffolk County v. Jail Officers & Emps. of Suffolk County, 465 Mass. 584, 596 (2013). Last, Bucca's reliance on the Massachusetts Tort Claims Act -- which subjects the Commonwealth to liability for some tort claims "within a narrow statutory framework," Sharon v. Newton, 437 Mass. 99, 111 (2002) -- is unavailing as her claim is not one for tort.

2. Breach of contract. The Commonwealth argued, and the judge agreed, that Bucca failed to state a claim for breach of contract because she did not allege that she exhausted the grievance procedure specified in the collective bargaining agreement. See Johnston v. School Comm. of Watertown, 404 Mass. 23, 25 (1989) ("general rule" is that "failure to pursue contractual grievance procedures bars suit against the employer"). Bucca does not argue on appeal that her claim was incorrectly dismissed on this basis. She has thus waived any

5

such argument.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

Judgment affirmed.

By the Court (Desmond, Shin & Singh, JJ.[2]),

*Anne M. Thomas*

Assistant Clerk

Entered: February 8, 2024.

---

[2] The panelists are listed in order of seniority.