JOAN E. ONOFRIO, administratrix,[1] vs. DEPARTMENT OF
MENTAL HEALTH.

Berkshire. November 6, 1991. - January 14, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Massachusetts Tort Claims Act. Interest. Commonwealth*, Claim against.
*Judgment*, Interest. *Practice, Civil*, Interest, Judgment.

Postjudgment interest is not recoverable against the Commonwealth on a
    claim under G. L. c. 258, the Massachusetts Tort Claims Act. [658-
    660]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 21, 1984.

After review reported at 408 Mass. 605 (1990), a motion
for postjudgment interest was heard by *Charles R. Alberti*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Janet H. Pumphrey* for the plaintiff.

*Peter Sacks*, Assistant Attorney General, for the
defendant.

ABRAMS, J. At issue is whether postjudgment interest is re-
coverable under the Massachusetts Tort Claims Act, G. L.
c. 258 (1990 ed.). Following a jury-waived trial, the plain-
tiff, Joan E. Onofrio, administratrix of the estate of Pasquale
J. Onofrio, also known as Patrick J. Onofrio, prevailed in a
negligence action she brought against the defendant, the De-
partment of Mental Health (department).[2] The judgment
stated that she was to recover "$80,000.00 plus interest in

---

[1]Of the estate of Pasquale J. Onofrio, also known as Patrick J. Onofrio.

[2]Meridian Associates for Programs and Resources, Inc., also was a de-
fendant in the action. The plaintiff prevailed against Meridian also, but
this appeal does not involve Meridian.

the sum of $33,546.72 plus costs." The department moved to amend the judgment by deleting the reference to interest and costs, on the ground that interest and costs are not recoverable under G. L. c. 258. The plaintiff assented to the motion, and the trial judge allowed it. The plaintiff, in turn, moved to amend the judgment. The judge issued an amended judgment on findings, providing for judgment against the department, "together with interest and costs to the extent permitted by law." The department appealed the judgment, and this court affirmed. *Onofrio* v. *Department of Mental Health*, 408 Mass. 605 (1990).[3]

After the judgment was entered on the trial court docket, the plaintiff filed a "motion for issuance of final judgment to include post-judgment interest." The department opposed the motion, arguing that postjudgment interest is not recoverable under G. L. c. 258. The judge denied the motion and instead ordered the entry of a final judgment against the department in the sum of $80,000, which did not include any interest whatsoever. The plaintiff appealed from the denial of postjudgment interest. We transferred the case here on our own motion. We conclude that, absent statutory authority, postjudgment interest is not recoverable. Therefore, we affirm the judgment.

General Laws c. 258, § 2, states, in pertinent part, that "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior

---

[3]There is no merit to the department's claim that, by failure to raise the issue in the first proceeding, the plaintiff waived this claim. Postjudgment interest was not an issue because the appeal immediately followed entry of judgment. Nor is there any merit to the department's claim that the plaintiff waived her claim by her assent to the department's motion to amend the judgment. That motion did not concern postjudgment interest.

to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars." The statute makes no reference to postjudgment interest.

The plaintiff argues that the fact that the statute is silent on the subject of postjudgment interest but expressly bars prejudgment interest implies that postjudgment interest is not similarly barred. Were this not a statute governing waiver of sovereign immunity, the plaintiff's argument might succeed; however, "[t]he rules of construction governing statutory waivers of sovereign immunity are stringent." *Ware* v. *Commonwealth*, 409 Mass. 89, 91 (1991), quoting *Woodbridge* v. *Worcester State Hosp.*, 384 Mass. 38, 42 (1981). We recently rejected the same "expressio unius est exclusio alterius" statutory construction argument in a similar case, *Ware, supra.* In that case we held that, because waivers of sovereign immunity must be expressed by the terms of the statute or appear by necessary implication from them, costs could not be recoverable against the Commonwealth because G. L. c. 258 does not expressly provide for their recovery. Postjudgment interest is similarly not recoverable, because, as this court announced in dictum in *C & M Constr. Co.* v. *Commonwealth*, 396 Mass. 390, 392 (1985), "General Laws c. 258 contains no provision permitting the award of postjudgment interest either expressly or by necessary implication."

In *Ware* we also noted that "the fact that the Legislature provided for the recovery of damages from the Commonwealth in G. L. c. 258 does not lead necessarily to the conclusion that the statute allows for the recovery of costs as well," because costs are an ancillary matter to the underlying concern of liability for damages. *Ware, supra* at 91. Postjudgment interest, similarly, is not an element of damages. *University of Tex. Medical Branch at Galveston* v. *York*, 808 S.W.2d 106, 112 (Tex. Ct. App. 1991). Rather, postjudgment interest serves to compensate the plaintiff for

loss of the use of money when damages are not paid on time.[4]

The plaintiff also argues that postjudgment interest is recoverable under G. L. c. 258, because that act is closely patterned on the Federal Tort Claims Act, which does permit recovery of postjudgment interest. However, recovery of postjudgment interest under the Federal Tort Claims Act is authorized by a separate statute, 31 U.S.C. § 1304 (b) (1) (A) (1988). Massachusetts has no such separate statute authorizing recovery of postjudgment interest against the Commonwealth.[5]

*Judgment affirmed.*

---

[4]During oral argument, the plaintiff cited the recent United States Court of Appeals for the First Circuit opinion in *Foley* v. *Lowell*, 948 F.2d 10 (1st Cir. 1991), for the reasoning which supported its award of postjudgment interest on attorneys' fees in a case brought under 42 U.S.C. § 1983 (1988): "[C]onsidering the time value of the dollar, the only way in which a fee award will retain its stated worth is by adding interest in order to compensate for delay in payment from that point forward." While we agree that this is true, it does not alter our opinion, which is based on a different statutory scheme.

[5]General Laws c. 235, § 8 (1990 ed.), which provides that every judgment shall include postjudgment interest, does not apply to claims against the Commonwealth. *C & M Constr. Co.*, *supra* at 393, and cases cited.