Butler, J.
Plaintiff seeks an order directing the clerk to award postjudgment interest on the judgment in her favor to the date of execution. As grounds for this motion, plaintiff argues that because the Commonwealth has waived sovereign immunity as to contract actions, the Commonwealth is liable for postjudgment interest in such actions. Defendant opposes this motion and asserts that absent a clear waiver of sovereign immunity, the Commonwealth is not liable for postjudgment interest. For the reasons that follow, plaintiffs motion for postjudgment interest is DENIED.
DISCUSSION
“General Laws c. 235, §8, which provides that every judgment shall include postjudgment interest, does not apply to claims against the Commonwealth.” Onofrio v. Dept. of Mental Health, 411 Mass. 657, 660 n.5 (1992), citing C&M Constr. Co., Inc. v. Commonwealth, 396 Mass. 390, 393 (1985). Although the Commonwealth has waived its claim of sovereign immunity as to contract actions, see Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 156-57 (1983), “an action for interest after judgment is a separate action based upon a statutory right and is not part of the underlying [contract] claim on which the judgment is based.” C&M Constr. Co., Inc. v. Commonwealth, supra at 391-92.[1] Thus, in order for a plaintiff to receive postjudgment interest from the Commonwealth, there must be a clear statutory waiver of sovereign immunity which authorizes recovery of such interest. See Onofrio v. Dept. of Mental Health, supra at 658-59; C&M Construction Co. v. Commonwealth, supra at 392-93. Simply put, Massachusetts has no statute which authorizes the recovery of postjudgment interest from the Commonwealth, and therefore, plaintiff is barred from recovering postjudgment interest. Onofrio v. Dept. of Mental Health, supra at 660.
Plaintiffs assertion that the Commonwealth’s pursuit of appellate review constitutes an unreasonable detaining of money under a contract is without merit. The Supreme Judicial Court’s lengthy and thorough decision, and more notably Justice O’Connor’s dissent, evidence that the Commonwealth’s appeal had merit. The fact that the Supreme Judicial Court ruled against the Commonwealth does not call for the conclusion that the state’s activities were unreasonable.
ORDER
This Court ORDERS that plaintiffs motion for postjudgment interest is DENIED.

 Similarly, postjudgment interest is not an element of damages; rather, postjudgment interest is designed to compensate a party for their loss of the use of money. Onofrio v. Dept. of Mental Health, 411 Mass. 657, 659-60 (1992).