JON PALLAZOLA *vs.* TOWN OF FOXBOROUGH.

Suffolk. May 3, 1994. - September 12, 1994.

Present: Liacos, C.J., Wilkins, Abrams, Lynch, O'Connor, & Greaney, JJ.

*Massachusetts Tort Claims Act. Negligence*, Police, Municipality. *Governmental Immunity. Municipal Corporations*, Liability for tort, Police. *Due Process of Law*, Retroactive application of statute. *Constitutional Law*, Separation of powers. *Statute*, Retroactive effect.

A plaintiff's negligence claim against a town was not rendered moot by the plaintiff's settlement with another defendant in the case for less than the amount of the jury verdict and postjudgment interest. [640]

Statute 1993, c. 495, § 57, amending G. L. c. 258, § 10, operates to bar a plaintiff's pending negligence action against a town. [640-642] LIACOS, C.J., concurring.

CIVIL ACTION commenced in the Superior Court Department on December 30, 1987.

The case was tried before *Barbara J. Rouse*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas M. Elcock* (*Ralph C. Sullivan & Leonard H. Kesten* with him) for the defendant.

*George A. McLaughlin, III* (*Theodore E. Daiber* with him) for the plaintiff.

*Scott Harshbarger*, Attorney General, *Howard R. Meshnick & Eleanor Coe Sinnott*, Assistant Attorneys General, for the Commonwealth, amicus curiae, submitted a brief.

WILKINS, J. The plaintiff was seriously injured on a public way in the town of Foxborough after attending a December 22, 1985, New England Patriots football game. He recovered a $100,000 judgment against the town based on the town's failure to provide sufficient police protection and its failure to

prevent the unlawful removal from the stadium of a portion of an aluminum goalpost. The plaintiff was injured when fans, carrying a portion of the goalpost, caused it to come in contact with a high-voltage overhead electric power line. There was evidence that the plaintiff's injury occurred when he attempted to prevent the portion of the goalpost from falling on him immediately after it became electrified.

The plaintiff also obtained a large jury verdict against The Wackenhut Corporation (Wackenhut), a private security company, which had an agreement to provide security at the stadium in Foxborough. This court granted the parties' joint application for direct appellate review. After briefs had been filed in this court, Wackenhut and the plaintiff settled the dispute between them, and hence we need not consider Wackenhut's appeal. We consider first the question whether the circumstances (particularly the amount of the settlement by Wackenhut) make the plaintiff's claim against Foxboro moot.

The town argues that Wackenhut's postjudgment payment of $4,500,000 in settlement of the plaintiff's claim against it made the plaintiff's claim against the town moot. When the settlement was reached, the judgment against Wackenhut and postjudgment interest exceeded $4,729,000. The amount of any such settlement should first be applied to satisfy the interest obligation, and any balance should then be applied to reduce the principal. *Boston Edison Co.* v. *Tritsch*, 370 Mass. 260, 266 n.10 (1976). When that is done, well more than the town's maximum statutory liability of $100,000 remains unpaid. The fact that the town is not liable for postjudgment interest (*Onofrio* v. *Department of Mental Health*, 411 Mass. 657, 659 [1992]) makes no difference. See *Stuart* v. *Brookline*, 412 Mass. 251, 257 (1992) ("[n]othing in G. L. c. 258 suggests that settlements with joint tortfeasors should be deducted from the $100,000 public employer liability cap rather than from the total damages awarded to the plaintiff").

We need not consider the town's several arguments presented in its principal brief on appeal because the plain-

tiff's claim against the town is foreclosed by the operation of St. 1993, c. 495, § 57, which amended G. L. c. 258, § 10 (1992 ed.), to bar claims retroactively (and prospectively) of the sort asserted against the town. In *Carleton* v. *Framingham, ante* 623 (1994), released today, this court upheld the constitutionality of the amendment to § 10 (the amendment) as applied retroactively to tort claims and jury verdicts entered against a town and pending review before the January 14, 1994, effective date of the amendment. If the amendment by its terms applies so as to bar the plaintiff's claims, as we conclude it does, what we said in our *Carleton* opinion disposes of the plaintiff's arguments that the amendment denies him due process of law and violates the separation of powers principles stated in art. 30 of the Massachusetts Declaration of Rights.

The statutory public duty rule set forth in the amendment provides immunity to a municipality from claims based on the "failure to provide adequate police protection, prevent the commission of crimes, . . . or enforce any law." G. L. c. 258, § 10 (*h*). Clause (*j*) of § 10 bars "any claim based on an act or failure to act to prevent . . . the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer."

The plaintiff makes no reasoned argument that the amendment does not bar his claim, but rather argues that we should not apply the amendment when a municipality's negligent police officers were "on paid detail, for special compensation, as a condition of the Town's licensing authority and pursuant to a written Security Plan." The plaintiff also points to the financial benefits that the town derived from the operation of the stadium: income from each event; payment for police protection; a licensing fee for the sale of alcoholic beverages; and a licensing fee for the use of the stadium's parking lot. Nothing in the amendment suggests or implies that we should create an exception from immunity for negligent conduct occurring in the course of some activity that incidentally generates revenue for the municipality. There is

no basis for this court to do other than to apply the amendment as written.

The judgment against the town of Foxborough is reversed. Judgment should be entered for the town.

*So ordered.*

LIACOS, C.J. (concurring). I write separately simply to point out why, in my view, this case differs from *Carleton* v. *Framingham, ante* 623 (1994). The court concludes, *ante* at 641, that "what we said in our *Carleton* opinion disposes of the plaintiff's arguments that the amendment denies him due process of law." But the court does not consider the nature of this plaintiff's interest. I note only that, in my view, the plaintiff in this case stood on ground less stable than the plaintiffs in *Carleton.*