Fremont-Smith, J.
This is a suit brought by Jane Richardson, the widow of George R. Richardson (“Richardson”), who died in custody of the South Boston District Court on September 8, 1988.
The plaintiff brought suit under the following causes of action: Count I: Wrongful Death (against the Commonwealth and the City of Boston); Count II: Conscious Pain and Suffering (against the same defendants); Counts III through VI; Loss of Consortium (claims brought by George’s wife, Jane, as well as by his daughters Adrienne, Courtney, and Megan; Count VII: Violations of 42 USC §1983 (against Officers Dailey and Sullivan), and Count VIII: Violations of 42 USC §1983 (against City of Boston). This Court previously dismissed Counts III through VI on October 25,1991.
For the reasons stated below, defendants’ motions for summary judgment on the remaining counts of the complaint are ALLOWED.
FACTS
The facts stated below are derived from the pleadings, affidavits and depositions submitted by the parties.
On the evening of September 7, 1988, Richardson was arrested and charged with possession of heroin.[3] The following morning (September 8, 1988), the Boston Police took him into custody at the South Boston District Court to be arraigned on the heroin possession charge. Defendants Michael Dailey (“Dailey”) and Lawrence Sullivan (“Sullivan"), court officers employed by the Commonwealth, were on duty in the South Boston District Court that day. The court facility was owned by the City of Boston.
Dailey and Sullivan placed Richardson in a holding cell in the basement cell block of the court. Sometime that morning, he was brought upstairs to the courtroom for his arraignment.[4] After arraignment, he was held on $500 cash bail, returned to the cellblock by the defendant officers and placed in his cell, at which time he allegedly told Dailey he was “drug sick” and desired to be taken to Bridgewater for treatment, to which Dailey responded that there was nothing he could do. He repeated his complaint of “drug sickness" several more times when the officers returned to bring additional prisoners upstairs to court.
At approximately 1:00 p.m. The officers returned to the basement cell area to give the prisoners lunch, at which time Richardson again requested to be taken to Bridgewater, and Dailey told him that he’d have to wait *565 until he was brought to Charles Street jail (where he was to be held for failure to post $500 cash bail). The officers then returned upstairs and did not reappear for an hour, when they discovered his body hanging by the neck of his hooded sweatshirt from the overhead bars of the cell. He was brought by ambulance to New England Medical Center Emergency Room and pronounced dead at approximately 4:30 p.m., the cause of death being asphyxia by hanging.[5]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A. Count I: Wrongful Death and Count II: Conscious Pain and Suffering (c. 229; c. 258, §2)
The City of Boston and Commonwealth of Massachusetts have moved for summary judgment on Counts I and II, which allege damages arising out of the negligence of public employees, i.e. Dailey and Sullivan. Although not raised by their motions, the Court takes note that, in 1993, Mass. G.L.c. 258, §10 was amended by exempting from liability any claim arising out of a public employee’s “negligent protection, supervision or care of persons in custody . . . ,” and by providing that the amendment shall apply retroactively “to all claims upon which a final judgment has not entered ...” The Supreme Judicial Court has recently upheld the constitutionality of the retroactive application of the amendment. Carleton v. Town of Framingham, 418 Mass. 623 (decided September 12, 1994); Pallazola v. Town of Foxborough, 418 Mass. 639 (decided September 12, 1994). Accordingly, it is unnecessary to consider whether the City or the Commonwealth would otherwise be required to defend a negligence claim on the grounds that Richardson’s custodians should have known that he posed a suicide risk (see White v. Seekonk, 23 Mass.App.Ct. 139, 140 (1986)) or negligently failed to provide him adequate supervision (see Sloven v. Salem, 386 Mass. 885 (1982)).
Accordingly, summary judgment is allowed on these counts.
I. Count VII: (42 USC §1983 against Dailey and Sullivan)
Both Dailey and Sullivan move for summary judgment on Count VII, which alleges violations of 42 USC §1983 against them individually.
The thrust of the plaintiffs §1983 argument is that the officers demonstrated deliberate indifference to Richardson’s safety and to his rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, which caused him to suffer conscious pain, suffering and death.
It is well settled that neither substantive nor procedural due process protections are triggered merely by negligence since a mere lack of due care is not tantamount to the abusive government conduct which the due process clause contemplates and was designed to prevent. Daniel v. Williams, 106 S.Ct. 662 (1986). Rather, a due process deprivation under 42 USC §1983 requires a deliberate decision by a government official to deprive an individual of life, liberty, or property or a callous disregard of his constitutional rights. Id. at 665.
A violation of a detainee’s Fourteenth Amendment due process rights may occur, however, if an official displays more than mere negligence, but acts with “deliberate indifference” to a known, serious risk of harm. Bowen v. City of Manchester, 966 F.2d 13, 16 (1st Cir. 1986). Under Bowen, a plaintiff may establish deliberate indifference to a suicide risk by showing:
(1) an unusually serious risk of harm (self-inflicted harm, in a suicide case), (2) defendant’s actual knowledge of (or, at least, willful blindness to) that elevated risk, and (3) defendant’s failure to take obvious steps to address that known, serious risk. The risk, the knowledge, and the failure to do the obvious, taken together, must show that the defendant is ‘deliberately indifferent’ to the harm that follows.
Id., quoting Manarite v. Springfield, 957 F.2d 953, 956 (1st Cir. 1992).
Under the First Circuit’s decision in Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st. Cir. 1990), and its more recent decision in Bowen v. Manchester, 966 F.2d 13 (1st Cir. 1992), a medical need may be deemed “serious” if it were so obvious that even a lay person would easily recognize the necessity for a doctor’s attention.
*566 But, as noted above, to establish “deliberate indifference” requires a significantly higher standard of proof than simple negligence. Id. at 17. Under this higher standard, the plaintiff must have presented evidence upon which a jury could infer that Officers Dailey and Sullivan were guilty of “deliberate indifference” to a serious risk of which they were either aware or to which they were “willfully blind.”
Here, while it is alleged that Richardson complained that he was “drug sick,” he never indicated he needed or wanted immediate or emergency medical attention. Rather, he requested several times that he be transported to Bridgewater for treatment and detoxification, a transfer which would obviously take considerable lime to accomplish. In short, the facts are insufficient to provide a basis for a jury finding that the officers were deliberately indifferent to a serious suicide risk of which the officers had actual knowledge or as to which they were willfully blind.[6]
Accordingly, summary judgment is allowed on Count VII.
Count VIII: (§1983 Claim against the City of Boston)
Section 1983 of 42 USC imposes liability on any:
person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .
Under the Supreme Court’s decision in Monell v. Department of Social Services, 1436 U.S. 658 (1978), a local government or municipality (such as the City of Boston) may be deemed a “person” for the purposes of §1983, but a municipality may be sued only when:
the action . . . alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or a decision officially adopted and promulgated by the body’s officers.
Id. at 659.
Here, while there may have been negligent supervision by the officers, they were employees of the Commonwealth rather than the City, and §1983 liability may not be imposed, in any event, on the basis of respondeat superior. See Gutierrez-Rodriquez v. Cartagena, 882 F.2d 553, 582 (1st Cir. 1989). Here, moreover, as discussed above, the plaintiff fails to assert any actions by any custodial employee which could be found to have been “deliberately indifferent” to a known serious threat of medical harm. Nor has plaintiff asserted any basis for a finding that any unconstitutional action was undertaken by the City pursuant to any “policy, ordinance, or regulation.” Plaintiff further complains that the City failed to properly design and maintain the holding cell so as to prevent suicides. While, prior to the recent amendments to c. 258, such a claim might have provided a basis for a finding of negligent design by the City, it provides no basis for a finding that the City’s design of the cell was done pursuant to an official policy to deliberately deprive inmates of their constitutional rights.
Accordingly, summary judgment is allowed on Count VIII.
JUDGMENT
Summary judgment is hereby allowed on all remaining counts of the complaint (Counts I, II, VII and VTII) and judgment is entered in favor of each of the defendants.

 He had two bags of heroin in his possession when he was arrested.

 His wife, Jane (the plaintiff) was present in the courtroom at that time.

 In the autopsy report the coroner notes that opiates were found in his system.

 The plaintiff argues that her husband should have been considered “suicidal” because he allegedly was experiencing heroin withdrawal, and could have been observed to be sweaiy and nervous. But he made no suicide threats and did not express a need for immediate medical attention, but rather requested that he be transported to Bridgewater for treatment, which would obviously take some time. This factual situation is in marked contrast to that presented in Miga v. City of Holyoke, 398 Mass. 343 (1968), where the police officers displayed deliberate indifference to the decedent detainee because the detainee had personally told the Holyoke police that she had suicidal tendencies, her husband also had told police that she had suicidal tendencies and had been hospitalized for that reason, and the decedent detainee was unconscious and highly intoxicated.