TERESA TODINO *vs.* TOWN OF WELLFLEET & another.[1]

No. 05-P-613.

Barnstable. February 6, 2006. - April 19, 2006.

Present: PERRETTA, KAFKER, & GREEN, JJ.

Further appellate review granted, 447 Mass. 1101 (2006).

*Governmental Immunity. Interest. Judgment,* Interest. *Practice, Civil,* Interest. *Municipal Corporations,* Police. *Police,* Injury on duty, Municipality's liability. *Statute,* Construction.

This court concluded that G. L. c. 41, § 111F, entitles police officers or fire fighters injured on duty through no fault of their own to recover prejudg-ment and postjudgment interest from government employers who unsuc-cessfully challenge their right to compensation under the statute. [145-148]

CIVIL ACTION commenced in the Superior Court Department on May 24, 1999.

Following review by this court, 61 Mass. App. Ct. 1123 (2004), motions seeking prejudgment and postjudgment interest were heard by *Richard F. Connon,* J.

*Peter L. Freeman* for the plaintiff.

*Albert R. Mason* for the defendants.

KAFKER, J. The issue presented is whether an incapacitated police officer, injured on duty through no fault of her own, is entitled to recover prejudgment and postjudgment interest from the municipal employer who unsuccessfully challenged her right to compensation pursuant to G. L. c. 41, § 111F. We conclude that G. L. c. 41, § 111F, is designed to provide full and timely compensation of such injured police officers, and therefore interest against the municipal employer is recoverable, as sovereign immunity has been waived.

*Background.* The plaintiff, Teresa Todino, was injured on July 10, 1997, when, while directing traffic as a special police of-

---

[1]Chief of police of the town of Wellfleet.

ficer for the town of Wellfleet (town), she was struck by a car. As a result of her injuries, she was placed on leave without loss of pay pursuant to G. L. c. 41, § 111F, until December 15, 1998, when the town revoked her § 111F benefits and terminated her employment. She sued for relief on May 24, 1999, and a Superior Court judge, after a bench trial, ruled as follows:

> "Based upon the foregoing, it is hereby ORDERED that the [town's] termination of the plaintiff's employment and [G. L. c. 41, § 111F,] benefits was UNLAWFUL; that the plaintiff is ENTITLED TO REINSTATEMENT OF HER SPECIAL POLICE OFFICER EMPLOYMENT STATUS with the [town], and that the plaintiff is ENTITLED TO RECEIVE LEAVE WITHOUT LOSS OF PAY BENEFITS under G. L. c. 41, § 111F, retroactive to December 15, 1998."

Judgment entered on November 4, 2002. On November 9, 2002, the defendants served the plaintiff with a motion for amended or additional findings, to alter or amend judgment, or for a new trial. The motion was denied and the defendants appealed. This court affirmed the judgment and the order denying the defendants' postjudgment motion in a memorandum and order pursuant to rule 1:28, see *Todino* v. *Wellfleet,* 61 Mass. App. Ct. 1123 (2004). After the defendants unsuccessfully sought further appellate review, judgment after rescript entered on December 30, 2004.

The plaintiff then filed a motion for alteration or amendment of the judgment and petition for relief under G. L. c. 231A, § 5, requesting that the Superior Court judge specify the amount of "leave without loss of pay benefits under" G. L. c. 41, § 111F, and "specify and include the amount of [prejudgment] and [postjudgment] interest." She sought $166,615.68 in lost compensation, $68,868.91 in prejudgment interest, and $60,671.36 in postjudgment interest.[2] The plaintiff based her motion on Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974), or, alternatively, G. L. c. 231A, § 5. The defendants opposed the

---

[2]On April 25, 2005, the town's insurer paid the plaintiff $172,850.72, which apparently represented the amount of back pay owed from December 15, 1998, through March 25, 2005, without interest.

motion on the ground that interest against a municipality is precluded based on sovereign immunity.[3] The Superior Court judge agreed, ruling that in "the absence of statutory authority, the [plaintiff] is not entitled to [prejudgment] nor [postjudgment] interest." The plaintiff moved for reconsideration, the judge denied the motion, and the plaintiff filed her notice of appeal. The only issue presented in this appeal is whether G. L. c. 41, § 111F, provides for prejudgment and postjudgment interest payments against the municipal employer.

*Discussion.* The Supreme Judicial Court has held that "waivers of sovereign immunity must be expressed by the terms of the statute or appear by necessary implication from them." *Onofrio* v. *Department of Mental Health*, 411 Mass. 657, 659 (1992), citing *Ware* v. *Commonwealth*, 409 Mass. 89, 91 (1991). This includes the ordering of the government entity to pay prejudgment or postjudgment interest on the amounts the government entity owes pursuant to the particular statute. *Onofrio, supra.* See *Broadhurst* v. *Director of the Div. of Employment Security*, 373 Mass. 720, 725-727 (1977); *Onofrio, supra* at 658 n.3; *Secretary of Admn. & Fin.* v. *Labor Relations Commn.*, 434 Mass. 340, 345-347 (2001); *Brookfield* v. *Labor Relations Commn.*, 443 Mass. 315, 325-326 (2005); *Trustees of Health & Hosps. of Boston, Inc.* v. *Massachusetts Commn. Against Discrimination*, 65 Mass. App. Ct. 329, 337-339 (2005).

According to the first paragraph of G. L. c. 41, § 111F, as appearing in St. 1964, c. 149:

> "Whenever a police officer or fire fighter of a city, town, or fire or water district is incapacitated for duty because of injury sustained in the performance of [her] duty without fault of [her] own . . . [she] shall be granted leave without loss of pay for the period of such incapacity . . . ."

In addition to providing the police officer or fire fighter with

---

[3]The defendants asserted no challenge to the timeliness of the plaintiff's motion, and we accordingly do not consider the question. See generally *Liberty Square Dev. Trust* v. *Worcester*, 441 Mass. 605, 610 (2004) ("judge did not abuse his discretion in agreeing to entertain the request, particularly where the city voiced no procedural objection at the time").

her full salary, the statute also requires that "[a]ll amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer or fire fighter." *Ibid.*

The second paragraph of the statute provides that the incapacitated employee shall be entitled to any excess recovery from third parties: "[t]he sum recovered [from the third party who caused the injury] shall be for the benefit of the city, town or fire or water district paying such compensation, unless the sum is greater than the compensation paid to the person so injured, in which event the excess shall be retained by or paid to the person so injured." G. L. c. 41, § 111F, inserted by St. 1977, c. 646, § 2.

In addressing this excess recovery, the Legislature discusses interest in § 111F for the first and only time. The interest referred to, however, is interest recovered in actions against third parties. The Legislature defines "excess payments" as the "amount by which the total sum received in payment for the injury, exclusive of *interest* and costs, exceeds the amount paid under this section as compensation to the person so injured. The party bringing the action shall be entitled to any costs recovered by [her]. Any *interest* received in such action shall be apportioned between the city, town or fire or water district and the person so injured in proportion to the amounts received by them respectively, inclusive of *interest* and costs." *Ibid.* (Emphases supplied.)

Unfortunately, G. L. c. 41, § 111F, does not expressly address the question whether interest is recoverable from the government employer. Compare G. L. c. 152, § 50, as appearing in St. 1991, c. 398, § 77 ("Whenever payments of any kind are not made within sixty days of being claimed by an employee, . . . and an order or decision requires that such payments be made, interest at the rate of ten percent per annum of all sums due . . . shall be required by such order"). Contrast G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15 ("Public employers shall be liable for . . . personal injury . . . caused by the negligent or wrongful act or omission of any public employee . . . except that public employers . . . shall not be li-

able for interest prior to judgment . . ."). We therefore must determine whether interest payments are required by necessary implication from the statutory scheme. See generally *Broadhurst*, 373 Mass. at 725-727; *Onofrio*, 411 Mass. at 658 n.3; *Brookfield*, 443 Mass. at 325-326. Other intersecting or related statutes are to be considered as well. See, e.g., *Ware* v. *Commonwealth*, 409 Mass. at 92.

The express terms of G. L. c. 41, § 111F, require full and timely compensation to police officers or fire fighters incapacitated because of injury sustained in the performance of their duties through no fault of their own. Unlike other employees injured in the performance of their duties, these individuals receive one hundred percent of their regular compensation during their incapacity. In contrast, other injured employees who are unable to work receive only sixty percent of their preinjury compensation. G. L. c. 152, § 34. The incapacitated police officers and fire fighters also receive their compensation on the same payment schedule as they would have had they not been injured.[4]

The statute does not, however, expressly address what happens if the payments are contested and not timely made, but the police officer ultimately prevails in an action for § 111F benefits. The defendants appear to argue that, when incapacitated police officers and fire fighters do not receive the timely payments to which they are entitled, the Legislature intended that they should forfeit the time value of their lost compensation as well. As demonstrated here, this loss can be significant; the plaintiff was not paid from December 15, 1998, through April 25, 2005.

Although we recognize that this statute could have been drafted more clearly and more comprehensively, we are nonethe-

---

[4]Although not directly applicable, we note that the Legislature strictly has required timely payments of wages to active workers and established significant penalties, including fines and imprisonment, for untimely payment. See, e.g., G. L. c. 149, §§ 27C, 148. This enforcement scheme applies to public as well as private employers. If interest were not allowed in the instant case, incapacitated police officers and fire fighters would have no remedy for long-delayed payments of "regular compensation" despite the Commonwealth's strict timeliness requirement in wage payments. See G. L. c. 41, § 111F.

less convinced that the necessary implication of the statutory scheme requires prejudgment and postjudgment interest payments against the government employer pursuant to G. L. c. 41, § 111F. Otherwise, the ultimate payments to the employee would be incomplete as well as untimely and the over-all statutory scheme would be defeated. The Legislature clearly intended to provide full recovery for police officers and fire fighters incapacitated by injuries sustained in the performance of their duties due to no fault of their own.

Finally, the conclusion we reach today is consistent with the results of at least three prior appellate court decisions, which have, without comment, awarded interest against government employers pursuant to G. L. c. 41, § 111F. See *Thibeault* v. *New Bedford*, 342 Mass. 552, 559 (1961); *Politano* v. *Selectmen of Nahant*, 12 Mass. App. Ct. 738, 740 (1981); *Blair* v. *Selectmen of Brookline*, 24 Mass. App. Ct. 261, 267 (1987).[5]

*Conclusion.* The orders denying the motion for alteration or amendment of judgment and the motion for reconsideration are reversed and the case is remanded to the Superior Court for further action consistent with this opinion.

*So ordered.*

---

[5]It is not clear from these opinions whether the issue of sovereign immunity was either raised or waived. Contrast *Secretary of Admn.* v. *Labor Relations Commn.*, 434 Mass. at 341 n.3.