Kern, Leila R., J.
INTRODUCTION AND BACKGROUND
This case arose when the defendant, City of Marlborough, began installation of a pipeline on property owned by the plaintiffs, Laurence C. Smith and Jan Brassard Smith and others (collectively, the plaintiffs), and in doing so removed and/or damaged trees on the property. This court held a jury trial on the issue of *611 damages in May 2003. The juiy found in favor of the plaintiffs and awarded them a total of $12,940.00. Thereafter, this court allowed the Plaintiffs’ Request for the Imposition of Treble Damages Pursuant to G.L.c. 242, §7 (willful trespass to trees, etc.; damages). The actual amount awarded to the plaintiffs was calculated by the clerk’s office; the clerk’s office added only the prejudgment interest on single damages to the total sum owed by the defendant.
The defendant appealed and the Appeals Court affirmed the judgment on August 16, 2006, in a Rule 1:28 decision. The defendant filed a petition for rehearing in the Appeals Court, which was denied on November 1, 2006. In its petition for rehearing, the defendant argued for the first time that the Massachusetts Tort Claims Act, G.L.c. 258, §10(c), barred enforcement of G.L.c. 242, §7 against Marlborough. In declining to rehear this case, it is unclear whether the Appeals Court believed Marlborough’s arguments to have no merit, or whether Marlborough had not raised “an issue important to the public interest,” which is required when a party raises an issue not raised in a party’s initial appeal. Gaw v. Sapett, 62 Mass.App.Ct. 405, 410-12 (2004).
Pursuant to Mass.R.Civ.P. 60, the plaintiffs now move for relief from judgment and the defendant cross moves for relief from judgment, all parties contending that the interest on the judgment was not calculated correctly. For the following reasons, the plaintiffs’ Motion for Relief from Judgment is DENIED in part and ALLOWED in part. The defendant’s Cross Motion for Relief from Judgment is DENIED.
DISCUSSION
I. Prejudgment Interest
The plaintiffs seek to have this court assess prejudgment interest on the treble damages award for trespass to trees, while the defendants seek to have this court delete all prejudgment interest on the single damages award. If the clerk erroneously computed the amount of interest and the issue raised by the parties was not one of substantive law, a motion under Rule 60(a) would be the correct method of seeking relief. Mass.R.Civ.P. 60(a); See, e.g., Dinsdale v. Commonwealth, 39 Mass.App.Ct. 926 (1995) (rescript).
Pursuant to Wayne Assoc., Inc. v. Lussier, a calculation of prejudgment interest may not, however, be modified after a rescript opinion has been issued by the Appeals Court. 394 Mass. 619 (1985). Decisions made by the Appeals Court are entitled to full precedential effect. Adamowicz v. Ipswich, 395 Mass. 757, 759 n.4 (1985). Because the prejudgment interest was part of this court’s decision, which was affirmed by the Appeals Court, this court may not disturb the assessment of prejudgment interest on single damages.[3]
II. Postjudgment Interest
In their Opposition to Defendant’s Cross Motion for Relief From Judgment, the plaintiffs also request that they be awarded postjudgment interest on the entire treble damages award. This court may order postjudgment interest after the issuance of a rescript opinion by the Appeals Court. See Trinity Church in the City of Boston v. John Hancock Mut. Life Ins. Co., 405 Mass. 682 (1989). In Fontaine v. Ebtec Corp., the Supreme Judicial Court treated liquidated damages under a federal statute as “essentially punitive in nature” and ordered an award of postjudgment interest pursuant to G.L.c. 235, §8. 415 Mass. 309, 326-28 (1993). Therefore, pursuant to G.L.c. 235, §8, the plaintiffs are entitled to postjudgment interest as to the total (treble) damages award.[4] City Coal Co. of Springfield v. Noonan, 424 Mass. 693 (1997); see Nardone v. Patrick Motor Sales, Inc., 46 Mass.App.Ct. 452, 454 (1999) (holding that postjudgment interest should be assessed as to punitive damages).
ORDER
Therefore, it is ORDERED that the plaintiffs’ Motion for Relief from Judgment is DENIED as to prejudgment interest. Plaintiffs are entitled only to prejudgment interest on the single damages award, as previously assessed. Plaintiffs’ Motion for Relief from Judgment as to postjudgment interest is ALLOWED. Plaintiffs are also entitled to postjudgment interest on the total treble damages award. Defendant’s Cross Motion for Relief from Judgment is DENIED.

Nhe Appeals Court has also ruled that “prejudgment interest compensates a prevailing party for loss of use of money, and that such compensatory purpose would not be served by adding prejudgment interest to punitive damages.” Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass.App.Ct. 302, 320-21 (1988). Therefore, this court would not be permitted to alter the prejudgment interest under that ruling either.

Here, the trebling of damages is a punitive measure, as an award of single damages serves to fully compensate the landowners for their loss. See Palmer v. Davidson, 211 Mass. 556, 557 (1912). General Laws Chapter 242, Section 7 itself provides for single damages when the trespasser has “good reason” to believe she could lawfully dispose of trees. G.L.c. 242, §7. This court reads the “good reason” provision to serve as a mechanism for providing single damages when the trespasser commits an “accidental” act while providing for treble damages as a punishment for one committing a careless or intentional trespass, as Marlborough did here.